ALESSANDRO IRR. DIST. v. SAVINGS & TRUST CO. OF CLEVELAND, OHIO, et al.

(Circuit Court, S. D. California. June 29, 1898.)

LIEN ON INVALID CORPORATE BONDS—FORECLOSURE—CROSS BILL.

Where corporate bonds recite their issue under a certain valid statute, and in pursuance of its provisions, and nothing upon their face indicates their invalidity, a defendant to a bill, seeking their sale in part satisfaction of certain liens, may, by cross bill, show that they are in reality void, and thus prevent the court from decreeing a sale, whereby they may pass for value to innocent purchasers.

Wm. J. Hunsaker, for Savings & Trust Co. of Cleveland, Ohio, and others.

F. W. Gregg, Geo. J. Denis, and Charles Wellborn, for Alessandro Irr. Dist.

ROSS, Circuit Judge. This cross bill, to which a demurrer has been interposed, was filed by leave of the court, in the case of Savings & Trust Company of Cleveland, Ohio, against Bear Valley Irrigation Company and others, pending herein. It is conceded on behalf of the demurrants that the cross bill shows that the bonds thereby sought to be annulled are void, but it is contended that, as it shows upon its face that the bonds were sold or exchanged for purposes and pursuant to a pretended contract not authorized by law, they can be defended against in an action at law, and that, therefore, a court of equity will decline to give relief. It appears from the averments of the cross bill that the cross complainant is a corporation of the state of California, organized and existing under and by virtue of the act entitled "An act to provide for the organization and government of irrigation districts and to provide for the acquisition of water and other property and for the distribution of water thereby for irrigation purposes," approved March 7, 1887 (St. Cal. 1887, p. 29). The validity of that statute was sustained by the supreme court of the United States in the case of Irrigation Dist. v. Bradley, 164 U. S. 112, 17 Sup. Ct. 56. By that act, as amended by the acts of March 20, 1891 (St. Cal. 1891, pp. 142, 147), the cross complainant was, among other things, authorized to acquire, either by purchase or condemnation or other legal means, all lands, waters, water rights, and other property necessary for the construction, use, supply, maintenance, repair, and improvements of reservoirs, canals, and other waterworks, and, subject to certain prescribed conditions, was authorized to issue its bonds and to dispose of them in two ways: In case of the purchase of property necessary for the purposes of the district, to pay for the same in bonds at their par value; or to sell the bonds for not less than 90 per cent. of their face value, from time to time, and in such quantities as should be necessary and most advantageous, to raise money for the acquisition of the necessary property and water rights, and the construction, etc., of the necessary canals and waterworks.

While counsel for the demurrants, one of whom is the Savings & Trust Company of Cleveland, Ohio, concede that the cross bill alleges facts showing the invalidity of the bonds in question, it is not claimed that the bonds themselves show upon their face such invalidity. They recite upon their face that they were issued under and by virtue of the provisions of the state statute referred to, and in pursuance of its provisions. The cross bill shows that one of the purposes of the original bill is the sale of these bonds, therein alleged to be held, among other property, as security for the payment of certain receiver's certificates, alleged to be held and owned by the complainant Savings & Trust Company, and sought to be foreclosed, among other liens, by the original bill herein. As the bonds do not show upon their face that they are invalid, and the cross complainant is a party defendant to the bill which seeks their sale in part satisfaction of certain liens, it is, I think, entitled to show by cross bill the invalidity of the bonds, to the end that this court be not called upon to decree the sale of bonds fair upon their face, but in reality void, and which may thereby pass for value into the hands of many different

purchasers, and result in a multiplicity of suits to enforce their payment.

An order will therefore be entered overruling the demurrer, with leave to the defendants to answer within 20 days.